IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY C. BRADLEY, JR., | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 18-528 |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 13).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act. Plaintiff filed his application alleging he has been disabled since January 1, 2010. (ECF No. 7-7, p. 5). Administrative Law Judge ("ALJ"), Monica D. Jackson, held a hearing on July 5, 2017. (ECF No. 7-3, pp. 36-70). On August 1, 2017, the ALJ issued an unfavorable decision finding Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 27-36).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Weighing of Opinion Evidence in Determining a Residual Functional Capacity (RFC)**[2]

In this case, the ALJ determined Plaintiff has the RFC[3] to perform "a full range of work at

---

[2] Plaintiff raises various arguments. (ECF No. 12, p. 3). I find Plaintiff's argument regarding the weighing of opinion evidence to be a threshold argument and, therefore, discuss that argument first.

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

all exertional levels with various non-exertional limitations." (ECF No. 7-2, p. 31). After listing non-exertional limitations, the ALJ further stated that Plaintiff "can frequently reach and occasionally handle, finger and feel with his upper extremities bilaterally."[4] *Id.* Plaintiff submits, *inter alia,* that the ALJ improperly rejected physical limitations opined by his treating doctor, Dr. Sabo, by completely failing to address the exertional limitations of sitting, standing, walking, lifting and carrying. (ECF No. 12, pp. 3, 22). As a result, Plaintiff argues that the ALJ's opinion is not based on substantial evidence and remand is warranted. (ECF No. 12, pp. 22-23). After a review of the record, I agree.

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. The ALJ stated that she considered the medical source statement from Joseph Sabo, M.D. at Exhibit B5F. (ECF No. 7-2, p. 33). With regard to Dr. Sabo, the ALJ stated: "In May 2017, Dr. Sabo examined the claimant

---

[4] I recognize that it is inconsistent for the ALJ to find on the one hand that Plaintiff can perform a full range of work at all exertional levels but with only non-exertional limitations and then go on to exertional limitations with regard to his upper extremities. (ECF No. 7-2, p. 31). Plaintiff does not challenge this inconsistency, so I decline to address the impact, if any, at this time.

and stated that he was unable to work due to physical and psychological impairments and limitations (Exhibit B5F/4)." (ECF No. 7-2, p. 34). The ALJ does not discuss or weigh the physical limitation opinions set forth by Dr. Sabo. (ECF No. 7-2, p. 34). Rather, she continues to discuss another doctor's opinion, Lindsey Groves, Psy.D., and then gives "little weight" to both opinions "because they are largely contradicted by evidence showing the claimant's significantly improved symptoms when he complied with his treatment." (ECF No. 7-2, p. 34). The ALJ cited to progress notes from Community Guidance Center to support this finding. *Id.,* citing Exhibit B4F. The progress notes from Community Guidance Center relate to Plaintiff's mental impairments, not his physical impairments. *See,* ECF No. 7-10. Therefore, they cannot stand to contradict Dr. Sabo's opinions regarding Plaintiff's physical limitations. As a result, I am unable to tell if the ALJ considered and rejected Dr. Sabo's opinions as to Plaintiff's physical limitations or if she simply failed to consider them. The ALJ's failure to discuss the same prohibits me from conducting a proper and meaningful review. Therefore, I cannot find that the ALJ's opinion is based on substantial evidence. Consequently, I find remand is warranted for further consideration on this issue. On remand, the ALJ must provide a more thorough and well-reasoned discussion of all of the evidence, including the opinion evidence as it relates to the physical capacity evaluation of Dr. Sabo as set forth in pages 5-6 of Exhibit B5F.[5]

    An appropriate order shall follow.

---

[5] Since I am remanding as set forth above, the other issues raised by Plaintiff will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument it at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY C. BRADLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 18-528 |
| ) | |
| NANCY A. BERRYHILL,[6] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 16th day of May, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is granted and Defendant's Motion for Summary Judgment (ECF No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.